UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRELL L. WRIGHT, MICHAEL
DIDONATO, MICHELLE MARTIN-
SON, CHRISTINE M. BRYARS-
CHARLES, and others similarly situated,

    Plaintiffs,

v.                                            Case No. 6:11-cv-1492-Orl-22-TBS

WYNDHAM VACATION OWNERSHIP, INC.,
a Delaware corporation, DAN SPINDLER,
and JOE ROSSIGNOL,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is a Joint Corrected Motion for Approval of Settlement and Dismissal With Prejudice. (Doc. 27). The parties request the Court's approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims. The Court has examined the motion and the Settlement Agreement, and for the reasons set forth herein, respectfully recommends that the motion be GRANTED in part and DENIED in part.

I. Background

On September 9, 2011, Darrell L. Wright, Michael DiDonato, Michelle Martinson, and Christine M. Bryars-Charles (collectively "Plaintiffs") filed an action in federal court, on behalf of themselves and others similarly situated, against their former employers Wyndham Vacation Ownership, Inc. ("Wyndham"), Dan Spindler and Joe Rossignol

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

(collectively "Defendants"). Plaintiffs sued for unpaid overtime compensation, unpaid minimum wages, and liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.[2]  (Doc. 1 ¶¶ 26-29).

Plaintiffs allege that they were hourly paid employees of Defendants' call center located in Orlando Florida.  (Id. ¶¶ 12-13).  Plaintiffs further allege that they "were not permitted to record hours worked outside of scheduled hours . . . [and] as a result of this 'off the clock' work, [they] were not paid the federal minimum wage or their regularl hourly rate for any hours worked prior to their scheduled start times and past their scheduled end times." (Id. ¶¶ 15-16).  Defendants admit they employed Plaintiffs at the Orlando call center, but deny the remainder of their allegations.  (Doc. 8).  On July 17, 2012, the parties advised the Court that they had reached an agreement to resolve their dispute.  (Doc. 27).

## II. Discussion

A. Plaintiffs' Claims

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.  To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and

---

[2]Plaintiffs also re-assert their allegations in support of an ancillary claim for breach of an employment agreement against the corporate defendant.  (Doc. 1 ¶¶ 30-34).

reasonable resolution of a bona fide dispute" of the FLSA issues.  Id. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  Id. at 1354.  The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In the Settlement Agreement, Defendants have promised to pay and Plaintiffs have agreed to accept a total of $16,594.20.  In her answer to the court's interrogatories, Plaintiff Martinson claimed at least $57.01 in compensable damages and an equal amount in liquidated damages. (Doc. 19 at 13).  According to the parties' settlement agreement, she has agreed to settle her claim for a payment of $74.11 for unpaid overtime wages, "less lawful withholdings and deductions"; and a payment of $74.11 for liquidated damages, which is a sum greater than what she initially claimed.  (Doc. 27 at 9).

In her answers to the interrogatories, Plaintiff Bryars-Charles claimed $802.46 in damages and an equal amount in liquidated damages.  (Doc. 19 at 18).  She has also agreed to settle her claim for a slightly greater sum.  Specifically, she has agreed to settle her claim for a payment of $879.12 for unpaid overtime wages, "less lawful withholdings and deductions"; and a payment in the amount $879.12 for liquidated damages.  (Doc. 27 at 9).

Because each of these plaintiffs "is receiving more than full compensation for [her] FLSA claim, the settlement should be approved" as to Plaintiffs Martinson and Bryars-Charles.  See Sandillo v. All Volusia & Flagler Heating & Air, LLC, Case No. 6:11-cv-1944-Orl-22DAB, 2012 U.S. Dist. LEXIS 98117, at *3 (M.D. Fla. July 13, 2012) (citing Hanks v.

3

<u>Racetrac Petroleum, Inc.</u>, Case No. 6:11-cv-1368-Orl-28DAB, 2011 U.S. Dist. LEXIS 108470, at *4 (M.D. Fla. Sept. 8, 2011) ("As the parties agree that Plaintiff has obtained full relief under this agreement, there is no 'compromise' to review. Full recompense is per se fair and reasonable.")).

Plaintiffs Wright and DiDonato were either unable or unwilling to articulate specific damage amounts in either the Complaint or their answers to the Court's interrogatories. Both Plaintiffs declined to quantify their claims until such time as they obtained certain records during discovery. (Doc. 19 at 2-3, 7-8). In the Settlement Agreement, Plaintiff Wright has agreed to accept a payment in the amount of $3,940.50 for unpaid overtime wages, "less lawful withholdings and deductions"; and a payment in the amount $3,940.50 for liquidated damages. (Doc. 27 at 8-9). The Settlement Agreement also provides that Plaintiff DiDonato has agreed to accept "a payment in the amount of $3,403.37 for unpaid overtime wages, "less lawful withholdings and deductions"; and a payment in the amount $3,403.37 for liquidated damages." (<u>Id.</u> at 9).

In the joint motion, the parties have advised the Court that (a) the Settlement Agreement was negotiated on behalf of each party by experienced counsel who protected the rights of the parties, and (b) the settlement reflects a reasonable compromise of a bona fide dispute between the parties with respect to liability and damages under the FLSA. (<u>Id.</u> at 2, 5-6).

Upon due consideration, the Court respectfully recommends that the motion be granted, as it relates to the settlement of the claims of Plaintiffs Wright and DiDonato.[3]

---

[3]The action was brought on behalf of Plaintiffs and all other similarly situated individuals. However, a review of the record reveals that no individuals have opted into this lawsuit. Therefore, the Court finds that the parties' settlement does not bar claims of other similarly situated individuals and only bars future claims by Plaintiffs Wright, DiDonato, Martinson, and Bryars-Charles. <u>See</u> 29 U.S.C. § 216(b)
(continued...)

4

B. Attorneys' Fees

Relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009), the parties invite the Court to approve their fee provision on the grounds that it was "agreed upon by the [p]arties separately and without regard to the amount paid to Plaintiffs." (Doc. 27 at 6). As it was explained in Correa v. Laiton, "the methods applied in Bonneti ha[ve] not been adopted for Chief Judge Conway's FLSA cases, who continues to apply the lodestar analysis." Case No. 6:09-cv-737-Orl-22DAB, 2009 U.S. Dist. LEXIS 131110, at *4-5 (M.D. Fla. Nov. 23, 2009) (citing Natera v. Mastercorp of Tennessee, Case No. 6:08-cv-2088-Orl-22DAB, 2009 U.S. Dist. LEXIS 76617 (M.D. Fla. Aug. 26, 2009) (Conway, C.J.)). The Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Counsel has failed to provide the Court with a record of hours expended on this case or a reasonable fee rate. Upon due consideration, the Undersigned respectfully recommends that the Court reject the attorneys' fees provision, sever it from the settlement agreement,[4] and allow counsel fourteen (14) days to amend the fee request.

---

[3](...continued)
(This section provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[4]The Settlement Agreement's severance clause provides that:

> If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

(Doc. 27 at 10).

III. Conclusion

Upon due consideration, the Court finds that the parties' proposed Settlement Agreement (excluding the attorneys' fee provision) is a fair and reasonable resolution of a bona fide dispute and respectfully recommends that:

1. The parties' joint Corrected Motion for Approval of Settlement (Doc. 27) be GRANTED in part and DENIED in part and the Settlement Agreement (excluding the attorneys' fee provision) be APPROVED by the district court as to the parties to this action.

2. The Court REJECT the attorneys' fees provision, SEVER it from the settlement agreement, and allow counsel fourteen (14) days to AMEND the fee request.

RESPECTFULLY RECOMMENDED at Orlando, Florida on July 26, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Anne C. Conway
United States District Judge

All Counsel of Record